**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| TAYLOR KELLY,<br><br>Plaintiff,<br><br>v.<br><br>KILO CHARLIE HOLDINGS, LLC AND MERITIZE LENDING, LLC,<br><br>Defendants. | Case No. 26-CV-2145-JMK-JBW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Kilo Charlie Holdings, LLC's Motion to Stay Discovery Pending Resolution of Pending Motions to Dismiss (Dkt. 34) and Defendant Meritize Lending, LLC's Motion to Stay Discovery (Dkt. 36) (collectively "Motions to Stay Discovery"). Both Defendant Kilo Charlie Holdings, LLC ("Kilo Charlie") and Defendant Meritize Lending, LLC ("Meritize") (collectively "Defendants"), ask the Court to stay discovery pending the District Judge's ruling on their pending motions to dismiss. Plaintiff opposes a stay of discovery. For the reasons set forth below, the Court denies Defendants' Motions to Stay.

Defendants have also each filed Motions to Strike (Dkt. 45 and 46) Plaintiff's responses to the Motions to Stay (collectively "Motions to Strike Plaintiff's Responses to Motions to Stay"). Defendants request the Court strike Plaintiff's responses to the Motions to Stay, arguing the response exceeds the page limits set forth in the District of Kansas's local rules. Plaintiff opposes the motions. For the reasons set forth below, the Court also denies Defendants' Motions to Strike Plaintiff's Responses to Motions to Stay.

## I. Motions to Strike

The Court first addresses Defendants' Motions to Strike Plaintiff's Responses to the Motions to Stay. Defendants argue Plaintiff's responses fail to comply with D. Kan. Local Rule 7.1(d)(1), in that they exceed the 10-page limit for responses to discovery related motions. Plaintiff argues the Motions to Stay are not "discovery-related motions" pursuant to D. Kan. Local Rule 7.1(d)(1), as the Motions to Stay were not directed at a discovery vehicle, and the Court should instead apply D. Kan. Local Rule 7.1(d)(3), allowing a response of up to 15 pages. Plaintiff also argues that rather than strike the responses, the Court should apply a proportional remedy.

Without addressing whether the Motions to Stay are discovery-related motions, the Court declines to strike Plaintiff's responses. "The page limit is primarily intended to preclude burdening or delaying the work of the court and is not for the convenience of the parties. Judicial economy and concise argument are purposes of the page limit."[1] The Court does not find striking Plaintiff's 12-page responses to be in the interest of judicial economy, as the Motions to Stay are fully briefed and ripe for ruling, and Plaintiff's responses do not appear to be unnecessarily lengthy or contain redundancies.[2] Therefore, the Court exercises its discretion, declines to take the drastic sanction of striking Plaintiff's responses, and considers the responses in their entirety.

## II. Background

Plaintiff filed this action against Defendants arising from his enrollment in a flight training program operated by Defendant Kilo Charlie. To finance the program, Plaintiff received a student

---

[1] *Rhoten v. Dickson*, No. 04-4160 SAC, 2006 WL 2414057, at *1 (D. Kan. July 25, 2006) (internal citations and quotations omitted).

[2] *See Weilert v. Health Midwest Dev. Grp.*, 95 F. Supp. 2d 1190, 1192 (D. Kan. 2000) (declining to strike filing that exceeds page limit by 2-pages) ("Judicial economy is not served when the court or the parties engage in counting the approximate characters per line in the parties' memoranda. Concise argument is not served by changing the font used.").

loan from Defendant Meritize. Plaintiff's First Amended Complaint (Dkt. 3) asserts nine counts: (I) violation of the Kansas Consumer Protection Act ("KCPA") against Defendant Kilo Charlie, (II) violation of the KCPA against Defendant Meritize, (III) negligence against Defendant Kilo Charlie, (IV) breach of contract against Defendant Kilo Charlie, (V) breach of contract against Defendant Meritize, (VI) negligence against Defendant Meritize, (VII) fraud against Defendant Kilo Charlie, (VIII) Federal Trade Commission Holder Rule violations against Defendant Meritize, and (IX) violations of the Racketeer Influenced and Corrupt Organizations Act against Defendant Kilo Charlie and Defendant Meritize. On July 29, 2026, Plaintiff voluntarily dismissed Count V against Defendant Meritize (Dkt. 26).

Defendants both have motions to dismiss (Dkt. 16 and 18), pending in front of the District Judge. Defendant Kilo Charlie seeks dismissal of Counts I, III, IV, VII, and IX. Defendant Meritize seeks dismissal of Counts II, VI, VIII, and IX.

On July 16, 2026, the Court held a Scheduling Conference in this matter. During the conference, Defendants informed the Court that they intended to seek a stay of discovery pending resolution of the pending motions to dismiss. The Court then entered a schedule for the parties to brief the issue of whether a stay is appropriate in this matter, and temporarily deferred entry of a Scheduling Order pending resolution of the issue. That issue is now fully briefed and before the Court.

## III. Legal Standards[3]

The decision regarding whether to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[4] A court may stay discovery on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[5] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[6] A stay is not favored because it can delay the timely resolution of a matter.[7] Thus, as a general rule, courts in the District of Kansas disfavor staying pretrial proceedings even though dispositive motions are pending.[8]

There are, however, recognized exceptions to this general rule.[9] A stay pending a ruling on a dispositive motion is appropriate if (1) the case is likely to be finally concluded via the dispositive

---

[3] The Court notes Defendant Kilo Charlie cites the wrong legal standard for imposing a stay *while a dispositive motion is pending*. *See Sullivan v. Univ. of Kansas Hosp. Auth.*, No. 19-CV-2078-JAR-TJJ, 2019 WL 3801638, at *1–2 (D. Kan. Aug. 13, 2019) (explaining difference between request for a stay generally versus when a dispositive motion is pending). Nonetheless, the Court will analyze both Defendants' request for a stay under the standards set forth in this Section.

[4] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *Kramer v. Textron Aviation, Inc.*, No. 20-2341-HLT-GEB, 2021 WL 4902249, at *3 (D. Kan. Oct. 21, 2021). *See also Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) ("District court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

[5] *See* Fed. R. Civ. P. 26(c). *See also Cont'l Ill. Nat. Bank & Tr. Co. of Chicago v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990).

[6] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[7] *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, No. 13-CV-1168-EFM-TJJ, 2015 WL 3937395, at *1 (D. Kan. June 26, 2015).

[8] *McDaniel v. Lakeview Vill., Inc.*, No. 23-2090-TC-TJJ, 2023 WL 4198601, at *1 (D. Kan. June 27, 2023) ("longstanding 'general policy in this district is not to stay discovery even though dispositive motions are pending'" (quoting *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994))).

[9] *Id.*; *Tennant v. Miller,* No. 13-2143-EFM, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013); *McCoy v. United States*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007); *Holroyd v. Dep't of Veterans Affairs*, No. 06-4133-SAC, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007).

motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.[10] If any one of these factors is present, a stay may be appropriate.[11]

## IV. Analysis

No party argues that the motions to dismiss raise issues related to a defendant's immunity from suit. Defendants instead argue discovery should be stayed in this matter pending a ruling on the potentially dispositive motions because they believe a ruling on the motions to dismiss will dispose of all claims or will substantially limit the claims, the facts sought through discovery would not affect the resolution of the dispositive motion, and discovery would be wasteful and burdensome. Defendants further argue the motions to dismiss present a "threshold issue," as if the Court dismisses the RICO claim, this Court may lack jurisdiction to hear Plaintiff's case. The Court addresses these arguments in turn.

The Court has reviewed the briefing on the pending motions to dismiss. With respect to each of Defendants' arguments for dismissal, Plaintiff's response asserts viable counter arguments. The Court will not presume to predict how the District Judge will view or rule on the pending dispositive motions. But in view of the briefing on the motions to dismiss, the Court cannot conclude that it is *likely* that all of the claims will be resolved upon those rulings.[12] Simply, the

---

[10] *KetoNatural Pet Foods, Inc. v. Hill's Pet Nutrition, Inc.*, No. 24-CV-2046-KHV-ADM, 2024 WL 4274891, at *2 (D. Kan. Sept. 24, 2024). *McDaniel*, 2023 WL 4198601, at *1; *Fattaey v. Kansas State Univ.*, No. 15-9314-JAR-KGG, 2016 WL 3743104, at *1–2 (D. Kan. July 13, 2016).

[11] *Wolf*, 157 F.R.D. at 495.

[12] *Green v. Blake*, No. 18-2247-CM, 2020 WL 618602, at *1 (D. Kan. Feb. 10, 2020) (denying a motion to stay when the likely outcome of the dispositive motion is not clear).

pending motions to dismiss do not appear to be any more meritorious (and hence likely to end the case) than motions to dismiss regularly filed in this Court. This is not a case in which the likely outcome of the motions to dismiss is clear.[13]

The Court disagrees that Defendants' motions to dismiss present a "threshold" jurisdictional issue. Defendants do not move to dismiss for lack of subject matter jurisdiction; rather, they believe that subject matter jurisdiction would be implicated *should* the District Judge dismiss Plaintiff's RICO claim. The Court believes this argument regarding whether subject matter jurisdiction is lacking to be premature, given the RICO claim is presently in the case, and no party has moved to dismiss due to lack of jurisdiction. The arguments regarding subject matter jurisdiction contained in the Motions to Stay simply repackage Defendants' arguments that they will prevail on their motions to dismiss. And, as stated above, the Court does not believe rulings on the motions to dismiss are likely to conclude this matter entirely.

Defendants also have not demonstrated that participating in discovery at this procedural juncture would be wasteful or burdensome. Although Defendants assert that due to the RICO claim discovery in this case could be extensive and sweeping in nature, the burden on Defendants at this point is pure speculation.[14] It does not appear that Plaintiff has sought any discovery from any party yet, and discovery has been open since June 25, 2026.[15] "That litigation requires time and resources from the parties does not justify, on its own, a discovery stay."[16] Of course, should

---

[13] *Id.*

[14] *Davis v. Wal-Mart Real Estate Business Trust*, No. 25-2184-DDC-ADM, 2025 WL 1755206, at *2 (D. Kan. June 25, 2025).

[15] *See* Initial Order Regarding Planning and Scheduling, Dkt. 20 (setting June 25, 2026 deadline for parties' Rule 26(f) planning conference).

[16] *Green*, 2020 WL 618602, at *1.

Defendants find that Plaintiff's future discovery requests present a tangible and articulable undue burden, they are not foreclosed from seeking a protective order.[17] A blanket stay of discovery at this juncture, however, is not appropriate.

Finally, Defendants argue the motions to dismiss present purely legal issues and require no discovery. Defendants present little argument on the issue besides "[n]o facts developed in discovery will affect the Court's resolution of" the motions to dismiss.[18] While the undersigned recognizes that additional discovery may not be necessary to develop the record needed for a ruling on the briefed motions to dismiss, given the general rule disfavoring the stay of discovery, "out of an abundance of caution, and in its discretion, the Court will not stay discovery in the present case simply because the pending motion to dismiss may not need further discovery."[19]

In sum, Defendants have not met their burden to demonstrate that this is an exceptional case warranting a stay of discovery. Therefore, the Court denies Defendants' Motions to Stay.

## V. Conclusion

The Court denies both Defendants' Motions to Stay and Defendants' Motions to Strike Plaintiff's Responses to the Motions to Stay. Therefore, the Court resets this matter for a Scheduling Conference on **September 17, 2026, at 10:00 AM** by telephone. The parties must confer and email the undersigned Magistrate Judge's chambers a proposed Scheduling Order by **September 10, 2026**.

---

[17] *Simmons v. Cline*, No. 20-3096-HLT-ADM, 2021 WL 1650270, at *3 (D. Kan. Apr. 27, 2021).

[18] Def. Kilo Charlie Mot. to Stay Discovery, Dkt. 34, p. 4.

[19] *Holroyd*, 2007 WL 1585846, at *2. *See also Bank of Blue Valley v. Lasker Kim & Co. LLP*, No. 15-9303-CM, 2016 WL 6604065, at *1 (D. Kan. Mar. 29, 2016).

**IT IS THEREFORE ORDERED** that Defendants' Motions to Stay (Dkt. 34 and 36) are DENIED.

**IT IS FURTHER ORDERED** that Defendants' Motions to Strike Plaintiff's Responses to the Motions to Stay (Dkt. 45 and 46) are DENIED.

**IT IS FURTHER ORDERED** that this matter is set for a Scheduling Conference on September 17, 2026, at 10:00 AM. The parties must email the undersigned Magistrate Judge's chambers a proposed Scheduling Order by September 10, 2026.

**IT IS SO ORDERED.**

Dated August 28, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge